IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARVIN S. MAFFETT, Individually and as parent and natural guardian of JUSTIN MAFFETT, a minor 2512 Shays Lane Brentwood, TN 37027 | : : : : : | CIVIL ACTION |
| Plaintiffs | : : | |
| v. | : : | NO. |
| STEVEN STRAFACE, d/b/a STAR CONCRETE, INC. 1626 A Kendrick Avenue Blue Bell, PA 19422 and ROBERT GORDON 810 Rose Lane Hatfield, PA 19440 | : : : : : : : : : | |
| Defendants | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

1.  Plaintiff Garvin S. Maffett is an adult citizen of the State of Tennessee, residing at 2512 Shays Lane, Brentwood, Tennessee 37027.

2.  Mr. Maffett is also the parent and natural guardian of minor plaintiff Justin Maffett. Justin's date of birth is October 24, 1993.

3.  Defendant Steven Straface, d/b/a Star Concrete, Inc. is a Pennsylvania corporation with a principle place of business located at 1626 A Kendrick Avenue, Blue Bell, Pennsylvania 19422.

4.  Defendant Robert Gordon is an adult citizen of the Commonwealth of Pennsylvania residing at 810 Rose Lane, Hatfield, Pennsylvania 19440.

5. This Court has jurisdiction over this action on account of the complete diversity of the parties pursuant to 28 U.S.C. §1332(a).

6. Venue in this Court is also proper pursuant to 28 U.S.C. §1391.

7. The amount in controversy requirement is satisfied here in that the damages sustained by Mr. Maffett and his son, Justin, as set forth more particularly below, exceed $75,000.00.

8. Mandatory arbitration is not warranted in this matter in that the damages sustained by Mr. Maffett and his son, Justin exceed $100,000.00.

9. At all relevant times, Mr. Gordon was an agent, servant, employee and/or apparent agent of defendant Star Concrete, Inc.

10. On August 14, 2000 Mr. Maffett, currently Vice President of Meharry Medical College in Memphis, Tennessee, was visiting family in Montgomery County, Pennsylvania.

11. On August 14, 2000, Mr. Maffett was operating his motor vehicle, a 1994 Honda Accord, VIN No. THGCD5654RA126999 driving south on Swede Road.

12. While stopped at a red light, Mr. Maffett was struck in the rear of his vehicle by Mr. Gordon, who was operating a Ford F-350 truck VIN No. 47971181202ST.

13. At the time Mr. Gordon struck Mr. Maffett's vehicle Mr. Gordon was operating his vehicle at an excessive rate of speed.

14. Mr. Gordon was cited for traveling at an excessive rate of speed.

15. The extent of damage to Mr. Maffett's vehicle rendered it a total loss.

16. Mr. Maffett and his son, Justin, then age 6, were each placed on spine boards and transferred to Montgomery Hospital in Norristown, Pennsylvania.

17. Mr. Maffett and minor-plaintiff Justin Maffett each sustained injuries directly caused by the impact of Mr. Gordon's vehicle.

18. Mr. Maffett has undergone months of rehabilitative physical therapy and continues to suffer neurologic pain and deficits in his lower back and lower extremities.

19. Minor-plaintiff Justin Maffett suffers from intermittent headaches and other injuries attributable to the impact of Mr. Gordon's vehicle.

20. The injuries sustained by Mr. Maffett and minor-plaintiff Justin Maffett are in no way attributable to their own actions or failure to act.

21. The injuries sustained by Mr. Maffett and his son Justin Maffett, are directly attributable to the negligence of Mr. Gordon and Star Concrete, Inc.

## COUNT I: NEGLIGENCE
### Garvin Maffett, Individually and as parent and natural guardian of Justin Maffett v. Steven Straface, d/b/a Star Concrete, Inc.

22. The preceding paragraphs are incorporated by reference as though set forth in their entirety.

23. At all relevant times, defendant Steven Straface, d/b/a Star Concrete, Inc. had a duty to act reasonably and with due care while operating a motor vehicle.

24. The negligence of Star Concrete, Inc. included the following:

   a. failure to operate a motor vehicle at a safe speed;

   b. negligently operating a motor vehicle at an unsafe speed;

   c. failure to take precautions to avoid rear end collision with plaintiff's vehicle;

   d. failure to maintain a safe distance between vehicles;

      e.      failure to stop his vehicle in a safe manner;

      f.      failure to exercise reasonable caution in the operation of a motor vehicle;

      g.      failure to operate a motor vehicle in compliance with state motor vehicle regulations and law;

      h.      failure to supervise employees, agents and apparent agents, including Robert Gordon; and

      i.      failure to hire and retain only competent drivers including Robert Gordon.

25.   The negligence of defendant Steven Straface d/b/a Star Concrete, Inc. was a substantial factor in causing the injuries and losses described above.

## COUNT II: NEGLIGENCE
### Garvin Maffett, Individually and as parent and natural guardian of Justin Maffett v. Robert Gordon

26.   The preceding paragraphs are incorporated by reference as though set forth in their entirety.

27.   At all relevant times defendant Robert Gordon had an obligation and duty to operate a motor vehicle with due and appropriate care.

28.   The negligence of defendant Robert Gordon included the following:

      a.      failure to operate a motor vehicle at a safe speed;

      b.      negligently operating a motor vehicle at an unsafe speed;

      c.      failure to take precautions to avoid rear end collision with plaintiff's vehicle;

      d.      failure to maintain a safe distance between vehicles;

      e.      failure to stop his vehicle in a safe manner;

  f. failure to exercise reasonable caution in the operation of a motor vehicle;

  g. failure to operate a motor vehicle in compliance with state motor vehicle regulations and law;

  h. failure to supervise employees, agents and apparent agents, including Robert Gordon; and

  i. failure to hire and retain only competent drivers including Robert Gordon.

29. The negligence of defendant Robert Gordon was a substantial factor in causing the injuries and losses described above.

30. Defendant Steven Straface, d/b/a Star Concrete, Inc. is indirectly liable for the negligence of defendant Robert Gordon.

WHEREFORE, plaintiffs demand judgment against all defendants, jointly and severally, and seek compensatory damages for defendants' negligence in an amount greater than $75,000.00 (Seventy-Five Thousand Dollars) and in excess of mandatory arbitration limits, exclusive of any interest and costs.

                **LAYSER & FREIWALD, P.C.**

                By: _____
                   AARON J. FREIWALD, ESQUIRE

DATED:

## **VERIFICATION**

I, GARVIN MAFFETT, Individually and as parent and natural guardian of JUSTIN MAFFETT hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of our knowledge, information and belief.  The undersigned understand that false statements herein made are subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____

GARVIN MAFFETT